# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ROSA TEJADA,

                Plaintiff,        Index No.: 160652/2020
                                           Date Filed: 12/8/2020

-against-

                                                     AFFIDAVIT OF SERVICE

TARGET CORPORATION,

                Defendant.

State of New York)
           SS.:
County of Albany)

Jeffrey Teitel, being duly sworn, deposes and says that deponent is over the age of eighteen years, is employed by the attorney service, TEITEL SERVICE BUREAU INC., and is not a party to this action.

That on the 4th day of January, 2021 at the office of the Secretary of State of New York in the City of Albany he served the annexed Summons, Complaint, Confirmation Notice and Notice of Electronic Filing on **TARGET CORPORATION** by delivering and leaving with Sue Zouky, a clerk in the office of the Secretary of State, of the State of New York, personally at the Office of the Secretary of State of the State of New York, 2 true copies thereof and that at the time of making such service, Deponent paid said Secretary of State a fee of $40.00 Dollars. That said service was pursuant to section 306 of the Business Corporation Law.

Deponent further states that he knew the person so served as foresaid to be a clerk in the Office of the Secretary of State of New York, duly authorized to accept such service on behalf of said defendant.

Sue Zouky is a white female, approximately 62 years of age, stands 5 feet 3 inches tall, weight approximately 130 pounds with grey hair.

Sworn to before me this 4th day of
January, 2021

_Ann M. Malone_                                       _Jeffrey Teitel_
Ann M. Malone                                         Jeffrey Teitel
Notary Public, State of New York
Qualified in Albany County
No. 01MA6410748
Commission Expires November 02, 2024

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------x
ROSA TEJADA,

                                        Plaintiff,

-against-

TARGET CORPORATION,

                                        Defendant.
------------------------------------------------------------------x

**SUMMONS**

The basis of venue is Plaintiff's residence

Index #:

Date Filed:

TO THE ABOVE NAMED DEFENDANTS:

      **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer on the plaintiffs' attorney within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after service of this summons is complete if this summons is not personally delivered to you within the state of New York.

      In case of your failure to answer this summons, a judgment by default will be taken out against you for the relief demanded in the Complaint, together with the interest and costs of this action.

Dated: New York, New York
       December 8, 2020

                                                            /s/Eric Turkewitz/s/
                                                     The Turkewitz Law Firm
                                                     *Counsel for Plaintiff*
                                                     228 East 45th Street – Suite 1110
                                                     New York, NY 10017
                                                     (212) 983-5900
                                                     Eric@TurkewitzLaw.com

To:
Target Corporation
1201 3rd Avenue
New York, NY 10021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------x
ROSA TEJADA,

                -against-

TARGET CORPORATION,

                      Defendants.
------------------------------------------------------------------x

**COMPLAINT**

Index #

Dated Filed

Plaintiff ROSA TEJADA, by her counsel Eric Turkewitz of The Turkewitz Law Firm, as and for her Complaint, alleges upon information and belief:

1. This action falls within one or more of the exemptions set forth in CPLR 1602.

2. At all times herein mentioned TARGET CORPORATION (hereinafter TARGET) was a domestic corporation doing business in the State of New York.

3. At all times herein mentioned TARGET was a foreign corporation doing business in the State of New York.

4. At all times herein mentioned, and on February 18, 2020, Defendant TARGET conducted business in New York County, New York.

5. At all times herein mentioned, Defendant TARGET was and is the owner of a store open to the general public and located at 1201 3rd Avenue, New York, NY 10021 and operating under the name Target. The corporate entity and business name are collectively referred to as the Defendant.

6. At all times herein mentioned, Defendant operated the store located at 1201 3rd Avenue, New York, New York.

7. At all times herein mentioned, Defendant maintained the store located at 1201 3rd Avenue, New York, New York.

8. At all times herein mentioned, the Defendant controlled the store located at 1201 3rd Avenue, New York, New York.

9. At all times hereinafter mentioned, the defendant, its agents, servants, partners or employees, undertook and agreed to make the store premises safe for the benefit of the public and the plaintiff.

10. At all times herein, the defendant was open for business to the public at the premises while ROSA TEJADA was there.

11. On February 18, 2020, ROSA TEJADA was lawfully on the premises of the Target retail store that was owned, operated, maintained and controlled by the defendant and located at 1201 3rd Avenue, New York, NY.

12. On February 18, 2020, while ROSA TEJADA was lawfully on the premises inside Target, a box fell off a low shelf and tumbled onto her right foot, injuring her.

13. At all times herein mentioned the defendant knew, or should have known, that the merchandise was not safely displayed.

14. At all times herein mentioned the defendant knew, or should have known, that the merchandise was not properly stored.

15. At all times herein mentioned the Defendant had a duty to safely maintain the premises for members of the public.

16. The defendant violated its duty to maintain safe premises for members of the public.

17. All of the foregoing was caused by the negligence of the defendant in: causing, permitting or allowing merchandise to be dangerously displayed; causing, permitting or allowing merchandise to be stored in an unsafe and unstable manner; failing to use reasonable care to store and display the merchandise in a safe and stable manner; causing, permitting and allowing

the merchandise to fall on the plaintiff; failing to keep the premises safe; failing to maintain premises; permitting or allowing the premises to be and become in a dangerous condition; failing to warn the public that the merchandise display was not stable;; in creating a nuisance; failing to take steps to avoid this occurrence; and were otherwise negligent.

18. That the injury to the plaintiff's foot was caused wholly and solely by reason of the negligence of the defendant and did not result from any voluntary action or contribution on the part of the plaintiff.

19. Defendant, its agents, servants, partners, or employees, was negligent and careless in the hiring, training and supervision of its staff, and as a result caused, permitted and allowed an injury to plaintiff's foot on February 18, 2020.

20. The defendant owed a duty of care to the plaintiff with respect to properly maintaining its merchandise properly displayed and keeping them in stable manner that they won't fall.

21. The defendant breached its duty of care to the plaintiff.

22. As a result of the foregoing, the plaintiff: suffered a fractured bone in her right foot; pain and mental anguish; difficulty ambulating and engaging in activities of daily living; was compelled to seek medical care and attention and physical therapy; incurred medical expenses and obligations in the amount of $9,257 (as of September 3, 2020) and continuing; and was permanently injured.

23. On March 4, 2020, the plaintiff served on the defendant a demand not to destroy or alter any videos regarding this incident, nor destroy or alter any incident/accident reports, records, log books, photographs, emails, voicemails, written or electronic statements or communications, or any other thing having anything to do with this incident.

24. Both video and surveillance reports regarding the incident were demanded by the plaintiff and the defendant has refused to furnish them.

25. As a result of the foregoing, the plaintiff was damaged in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

WHEREFORE, plaintiff demand judgment against the defendants, together with such interest, costs, disbursements and attorneys' fees as are allowable by law.

Dated: New York, New York
December 8, 2020

/s/Eric Turkewitz/s/
The Turkewitz Law Firm
*Counsel for Plaintiff*
228 East 45th Street – Suite 1110
New York, NY 10017
(212) 983-5900
Eric@TurkewitzLaw.com